UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY LOOMIS-PRICE, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civ. A. No.: 17-766 |
| LONE STAR COLLEGE SYSTEM, | § § § | |
| Defendant. | § | |

**DEFENDANT LONE STAR COLLEGE SYSTEM'S
MOTION FOR ATTORNEYS' FEES PURSUANT TO TCHRA 21.259**

Defendant Lone Star College System ("Lone Star") requests that it be awarded its attorney's fees pursuant to Section 21.259 of the Texas Labor Code/Texas Commission on Human Rights Act ("TCHRA"), which it incurred in pursuing the dismissal of Plaintiff Larry Loomis-Price's ("Plaintiff") claims under the TCHRA. Plaintiff filed his claims under the TCHRA, nearly two years after they were barred by the applicable statute of limitations. Because Plaintiff filed those frivolous claims, Lone Star was required to prepare its motion to seek the dismissal of them.[1] In order to avoid an adverse judgment on his TCHRA claims, Plaintiff amended his Original Complaint to voluntarily dismiss those claims.[2] Thus, Lone Star is the prevailing party as to Plaintiff's time-barred, frivolous TCHRA claims.

## I.    PROCEDURAL BACKGROUND

Plaintiff filed his Original Complaint on March 9, 2017, alleging (1) Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, and (2) Retaliation in

---

[1] Doc. No. 6, Defendant's Motion for Partial Dismissal.
[2] Doc. No. 9.

1

violation of Texas Labor Code § 21.055 (TCHRA).[3]

On April 11, 2017, Defendant filed its Motion for Partial Dismissal of Plaintiff's TCHRA claims because such claims are barred by the applicable statute of limitations.[4]

Plaintiff then filed his First Amended Complaint on May 2, 2017, abandoning his TCHRA claims and asserting only claims under Title VII.[5]

Because Defendant was forced to move this Court for Partial Dismissal of Plaintiff's TCHRA claims—filed at least 21 months past the expiration of the applicable statute of limitations—Defendant requests that it be awarded its attorneys' fees associated with drafting its dismissal motion.

## II. ARGUMENT AND AUTHORITIES

### A. Lone Star is prevailing party on Plaintiff's TCHRA Claims.

Under the TCHRA, a Court "may allow the prevailing party, other than the commission, a reasonable attorneys' fee as part of the cost."[6] In enacting the TCHRA, the Texas Legislature intended to correlate "state law with federal law in the area of discrimination in employment."[7] TCHRA's express purpose is "the execution of the policies embodied in Title VII."[8] Therefore courts interpret the TCHRA as consistent with federal law.[9]

The TCHRA's prevailing party section reads:

> (a) In a proceeding under this chapter, a court may allow the prevailing party, other than the commission, a reasonable

---

[3] Doc. No. 1, Plaintiff's Original Complaint.
[4] Doc. No. 6.
[5] Doc. No. 9.
[6] TEXAS LABOR CODE § 21.259(a).
[7] *Gold v. Exxon Corp.,* 960 S.W.2d 378, 380 (Tex.App.-Houston [14th Dist.] 1998, no writ); *Autozone, Inc. v. Reves,* 272 S.W.3d 588, 592 (Tex.2008); *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398. 403 n. 2 (5th Cir.1999) ("[T] he law governing claims under the TCHRA and Title VII is identical."); *Muniz v. Columbia Sussex Caorp.,* 477 Fed. Appx. 189, 189 n. 1 (5th Cir. May 14, 2012) (same).
[8] *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex.1991); Texas Labor Code Ann. § 21.001(1).
[9] *Leatherwood v. Houston Post Co.,* 59 F.3d 533, 536 n. 5 (5th Cir.1995); *Specialty Retailers, Inc. v. DeMoranville,* 933 S.W.2d 490, 492 (Tex.1996).

2

> attorney's fee as part of the costs.
>
> (b)     The state, a state agency, or a political subdivision is liable for costs, including attorney's fees, to the same extent as a private person.
>
> (c)     In awarding costs and attorney's fees in an action or a proceeding under this chapter, the court, in its discretion, may include reasonable expert fees.

Texas Labor Code 21.259(a)-(c).

> Title VII's prevailing party section reads:
>
>> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."

42 U.S.C. § 2000e-5. Both statutes are nearly identical, thus Title VII jurisprudence applies. When a defendant is the prevailing party on a civil rights claim, the Court has held, district courts may award attorney's fees if the plaintiff's "claim was frivolous, unreasonable, or groundless," or if "the plaintiff continued to litigate after it clearly became so."[10]

Most recently, the Supreme Court further analyzed *Christianburg Garment Co. v. EEOC* and held that "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party'" and to be awarded attorneys' fees.[11] "There is no indication that Congress intended that defendants should be eligible to recover attorney's fees only when courts dispose of claims on the merits…Rather, as the Court explained in *Christiansburg Garment Co. v. EEOC*, one purpose of the fee-shifting provision is to 'deter the bringing of lawsuits without foundation.'"[12] A defendant should be able to recover "fees expended in frivolous, unreasonable,

---

[10] *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422 (1978).
[11] *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S.Ct. 1642, 1651 (2016).
[12] *Id*. at 1652 (citing *Christiansburg Garment*, 434 U.S. 412, 420 (1978).

3

or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not."[13] Therefore, when determining whether a movant is entitled to attorney's fees, a court must (1) note whether the movant is the plaintiff or the defendant; (2) determine whether the movant is the prevailing party; and, if the defendant is the moving party, (3) determine whether the lawsuit was frivolous, unreasonable, or without foundation.[14] Here, Lone Star, the defendant in this case, is the moving party. That will not be addressed below. The second and third prongs will, however, be jointly analyzed.

### B. Defendant is the Prevailing Party and May Be Awarded Attorneys' Fees.

When a plaintiff dismisses his claim to avoid an unfavorable judgment–like the one that would have undoubtedly been entered as to Plaintiff's TCHRA claims–the defendant is considered to be the "prevailing party."[15]

In this case, Plaintiff filed his TCHRA claim 21 months after the expiration of the applicable statute of limitations. The TCHRA creates a two-year statute of limitations from the date the complainant files an administrative charge with the Texas Workforce Commission ("TWC").[16] As discussed in Defendant's Motion for Partial Dismissal, Plaintiff amended his Charge of Discrimination on May 20, 2013.[17] Plaintiff had only until May 20, 2015, to assert claims under the TCHRA, but inexplicably waited until March 9, 2017, to do so.[18]

When faced with Lone Star's Motion for Partial Dismissal, Plaintiff amended his Original Complaint as a matter of right. Plaintiff's amendment was not to provide additional facts which demonstrate that his TCHRA claims were not time barred. Instead, Plaintiff's

---

[13] *CRST Van Expedited*, 136 S.Ct. at 1652.
[14] *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001).
[15] *See Fox v. Vice,* 594 F.3d 423, 426–27 (5th Cir.2010).
[16] Tex. Labor Code § 21.256.
[17] Doc. No. 6, Exhibit A, Plaintiff's Amended Charge of Discrimination.
[18] Doc. No. 1, Plaintiff's Orig. Complaint.

Amended Complaint voluntary dismissed of his TCHRA claims altogether. Thus, Lone Star is the prevailing party as to Plaintiff's TCHRA claims because they were dismised for purposes of avoid a ruling on Lone Star's Motion for Partial Dismissal.

Finally, Plaintiff's TCHRA claims were frivolous, unreasonably, and without foundation because they were filed at a time when they were patently barred by limitations – by nearly two years. Such a great amount of time between the date when Plaintiff's TCHRA claims should have been filed and the date when they actually were filed underscore their frivolity and unreasonableness.

### C. Request for fees.

Attached to this Motion is the declaration of Stephen J. Quezada, Attorney-In-Charge for Lone Star. That declaration establishes that $1,881 in attorney's fees was incurred in achieving Plaintiff's dismissal of his claims, and that the foregoing fees were reasonably and necessarily incurred. *See* Exhibit A.

### III.   CONCLUSION

For all these reasons, Defendant Lone Star College System respectfully requests that the Court enter an order awarding it its attorneys' fees associated with preparing and filing its Motion for Partial Dismissal and any other relief to which Lone Star may be entitled.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.

*/s/ Stephen J. Quezada*
Stephen J. Quezada
Texas SBN: 24076195
Fed. ID No.: 1348753
One Allen Center
500 Dallas St., Ste. 3000
Houston, Texas 77002
713-655-0855 (Phone)
713-655-0020 (Fax)
stephen.quezada@ogletreedeakins.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT LONE STAR COLLEGE SYSTEM**

**OF COUNSEL:**

Sara A. Scott
Texas SBN: 24077842
Fed. ID No.: 2878365
One Allen Center
500 Dallas St., Ste. 3000
Houston, Texas 77002
713-655-0855 (Phone)
713-655-0020 (Fax)
sara.scott@ogletreedeakins.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2017, I served a copy of the foregoing paper on all parties of record by and through the United States District Court for the Southern District of Texas's CM/ECF system, as follows:

Christopher L. Tritico, Attorney-in-Charge
Ron S. Rainey
L. James Krell
Tritico Rainey, PLLC
1212 Durham Drive
Houston, Texas 77007

ATTORNEYS FOR PLAINTIFF

    */s/ Stephen J. Quezada*
    Stephen J. Quezada