IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY LOOMIS-PRICE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-766 |
| | § | |
| LONE STAR COLLEGE SYSTEM, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendant's Motion for Attorney's Fees (Doc. 10). The court has considered the motion, the Plaintiff's response, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's Motion for Attorney's Fees be **DENIED**.

On March 9, 2017, Plaintiff filed his original complaint alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Texas Commission on Human Rights Act ("TCHRA").[2] On April 11, 2017, Defendant moved to dismiss Plaintiff's TCHRA claim, contending that it was expired under the applicable statute of limitations.[3] Plaintiff amended his complaint on May 2, 2017, dropping this cause of action.[4]

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 8, Ord. Dated Apr. 27, 2017.

[2] Tex. Lab. Code §§ 21.001-21.556.

[3] See Doc. 6, Def.'s Mot. to Dismiss.

[4] See Doc. 9, Pl.'s 1st Am. Compl.

Subsequently, Defendant filed the pending motion for attorney's fees, arguing that because it was the prevailing party, it was owed attorney's fees for filing the motion to dismiss.[5] In his response, Plaintiff contends that Defendant cannot be considered a prevailing party and he did not make the claim in bad faith, as evidenced by the fact that he dropped it once he realized the statue of limitations had expired. Additionally, Plaintiff points out that Defendant did not confer before filing the motion to dismiss.

The TCHRA allows the court to award attorney's fees to a prevailing party. See Tex. Lab. Code § 21.259(a). This "prevailing party" language is also utilized in other employment and civil rights statutes. See, e.g., Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412 (1978); Dean v. Riser, 240 F.3d 505 (5th Cir. 2001); Portillo v. Cunningham, 872 F.3d 728, 740 (5th Cir. 2017). The Supreme Court has elected to interpret the term "prevailing party" consistently across various statutes. CRST Van Expedited, Inc. v. E.E.O.C., __ U.S. __, 136 S. Ct. 1642, 1646 (2016)("Congress has included the term 'prevailing party' in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner.").

The Supreme Court has distinguished between prevailing plaintiffs and defendants, explaining that while it was important

---

[5] See Doc. 10, Def.'s Mot. for Att'y's Fees.

2

to "make it easier for a plaintiff of limited means to bring a meritorious suit," it was also necessary "to protect defendants from burdensome litigation having no legal or factual basis." Dean, 240 F.3d at 507-08 (quoting Christiansburg, 434 U.S. at 420). Prevailing plaintiffs in civil rights actions are "presumptively entitled to reasonable attorney's fees, unless a showing of 'special circumstances' is made that would deem such an award unjust." Id. (citation omitted). On the other hand, there is a "more rigorous standard for awarding attorney's fees to prevailing defendants;" attorney's fees may only be awarded "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation," or "continued to litigate after it clearly became so." Id. (quoting Christiansburg, 434 U.S. at 421); Christiansburg, 434 U.S. at 422; see also Elgahil v. Tarrant Cty. Jr. Coll., 45 S.W.3d 133, 144 (Tex. App.–Fort Worth 2000, pet. denied).

Texas courts have looked to the Supreme Court and the Fifth Circuit for guidance in these cases, especially those involving a prevailing defendant, as this is not a frequently litigated issue. See Elgahil, 45 S.W.3d at 144 ("Although we find no state cases construing the application of this section to a prevailing *defendant* in an employment discrimination case, the Fifth Circuit has interpreted this statute by applying the federal standard for Title VII cases that was adopted in Christiansburg."); Winters v. Chubb & Son, Inc., 132 S.W.3d 568, 580 (Tex. App.–Houston [14th

Dist.] 2004, no pet.); Playoff Corp. v. Blackwell, 300 S.W.3d 451, 460 (Tex. App.–Fort Worth 2009, pet. denied)("Texas courts of appeals that have addressed attorney's fees under TCHRA have followed federal precedent, under which an employer may recover attorney's fees if the plaintiff's claims were frivolous, meritless, or unreasonable, or the plaintiff continued to litigate after it became clear that his claim was frivolous.").

In considering whether to award attorney's fees, courts must look to whether it is the plaintiff or defendant moving for attorney's fees and decide if the movant can be considered a prevailing party. If so, then it is within the court's discretion to award reasonable attorney's fees to the movant. Dean, 240 F.3d at 508. If it is a defendant seeking attorney's fees, they may only be awarded by the court if the "plaintiff's action was frivolous, unreasonable, or groundless" or if "the plaintiff continued to litigate after it clearly became so." CRST, 136 S.Ct. at 1646 (quoting Christiansburg, 434 U.S. at 422); see also Anderson v. Houston Cmty. Coll. Sys., 458 S.W.3d 633, 649 (Tex. App.–Houston [1st Dist.] 2015, no pet.)(same).

Here, it is Defendant that seeks attorney's fees, so the court must look to see whether Defendant can be considered the prevailing party. In Dean, the Fifth Circuit held that "a defendant is not a prevailing party . . . when a civil rights plaintiff voluntarily dismisses his claims, unless the defendant can demonstrate that the

4

plaintiff withdrew to avoid a disfavorable judgment on the merits." 240 F.3d at 511. More recently, the Supreme Court explained that "a favorable ruling on the merits is not a necessary predicate to find that a defendant has prevailed." CRST, 136 S.Ct. at 1646. Relevant for the court to consider are affidavits or testimonial evidence, the record, "information concerning discovery delays and abuses, slothful prosecution, negative rulings, and sanctions against the plaintiffs." Dean, 240 F.3d at 511.

Here, Plaintiff amended his complaint to remove the TCHRA claim within the response time after the motion to dismiss was filed. It is clear to the court that Plaintiff could have been more diligent in determining whether limitations had run before including that claim in his lawsuit, but Defendant could have mitigated the expenditure of its attorney's fees by a pre-motion conference with Plaintiff's counsel before filing the motion to dismiss. Therefore, even if Defendant could be deemed to be the prevailing party, the court finds that an award of attorney's fees is not warranted in this case. Playoff Corp., 300 S.W.3d at 460 (finding that "the trial court could have determined that the [defendant] was the prevailing party as a matter of law, but in its discretion, decided to deny attorney's fees anyway.").

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion for attorney's fees be **DENIED**.

The Clerk shall send copies of this Memorandum,

Recommendation, and Order to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 26th day of December, 2017.

_____
U.S. MAGISTRATE JUDGE